WILLIAM HERFERTH, ET AL. *v.* DAVID ZIMMERMAN.

[Abstract Kentucky Law Reporter, Vol. 7—669.]

**Rights of a Wife as Against Husband's Creditors.**

 Where there is no agreement between a husband and wife that title to real estate shall be taken in her name, the fact that her labors helped to make the money and that some of her money went into the land will not enable her to assert an interest therein as against her husband's creditors.

**Homestead Claim.**

 Temporary removal from a homestead with a purpose to return to it will not waive the right to a homestead as against creditors.

APPEAL FROM CAMPBELL CIRCUIT COURT.

March 11, 1886.

OPINION BY JUDGE PRYOR:

While the testimony in this case conduces to show that Mrs. Herferth by her own labor aided in accumulating the money that was invested in the land, there is no averment of any agreement between herself and husband by which she was to be invested with title, and the mere fact that her money or a part of it entered into the purchase can give her no equity as against the claim of creditors.

The question made as to the right of homestead is one of more difficulty. The appellants lived on the land for nearly five years after the purchase, and the wife, having several children, one of whom she desired to learn a trade, rented out the farm for two or three years and removed to Newport with the intention, as she says, of returning as soon as her son learned a trade, which would take him two years. She had purchased no property in town, and from the proof seems to have been in no condition to do so; and while there is some proof as to the statements of the wife that she did not intend to return but wanted to sell, we are not inclined to think that this should affect the rights of the husband in asserting such a claim, nor do we think the character of proof as to the purpose of Mrs. Herferth by the appellee is sufficient to deprive her of the right if she alone could assert the claim.

The judgment is therefore *reversed* with directions to allot her a homestead as against appellee's claim.

*E. W. Hawkins, A. W. Stossmeister, R. B. Hawkins, for appellant.*

*John S. Ducker, for appellee.*